UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD SHAISHNIKOFF,<br><br>                     Plaintiff,<br><br>     v.<br><br>M/V NAMAKA, O.N. 510289, et al.,<br><br>                     Defendants. | CASE NO. C24-1586-KKE<br><br>ORDER DENYING MOTION FOR DEFAULT AND SETTING ASIDE DEFAULT |

Plaintiff Edward Shaishnikoff seeks default judgment against Defendants. Dkt. No. 17. Defendants have appeared and move to set aside the clerk's entry of default. Dkt. No. 20. The Court finds the relevant factors support setting aside the entry of default and denying Plaintiff's motion for default judgment.

I. INTRODUCTION

On October 1, 2024, Plaintiff filed this suit against Defendants M/V Namaka, Kevala Jokiel, Tomo Kovacevic, and Tours Around Paradise, LLC. Dkt. No. 1.[1] On December 6, 2024, Plaintiff amended his complaint to add Defendant Nui Tours LLC. Dkt. No. 6. This operative complaint alleges five causes of action: breach of contract and wrongful refusal to pay wages when

---

[1] Plaintiff previously filed an identical lawsuit in July 2024. *See Shaishnikoff v. M/V Namaka et al.*, Case No. 2:24-cv-00988-KKE, Dkt. No. 1 (W.D. Wash. filed July 7, 2024). This case is pending but Defendants have not appeared in that matter. On February 10, 2025, in response to an order to show cause, Plaintiff stated his intention to file a motion to consolidate these two pending matters.

ORDER DENYING MOTION FOR DEFAULT AND SETTING ASIDE DEFAULT - 1

due; maritime lien foreclosure; Jones Act negligence, unseaworthiness; and willful and wanton failure to pay maintenance, cure, and unearned wages. *Id.* at 6–10. On January 9, 2025, Plaintiff moved for entry of default against Defendants under Federal Rule of Civil Procedure 55(a). Dkt. No. 9. Plaintiff's motion was supported by the declaration of Alex Hussey that stated he served the first amended complaint and summons to Tomo Kovacevic at 1901 Ke'eaumoku Street by leaving them at the home with a person of suitable age. Dkt. No. 11 ¶ 3. Plaintiff also submitted an attorney declaration stating Kevala Jokial is the registered agent for both companies. Dkt. No. 12 ¶ 2. That declaration also attached proof of service attesting to personal service on Kevala Jokial, Tours Around Paradise LLC, and Nui Tours LLC, at 42 Ahui Street on December 13, 2024. Dkt. No. 12-2.

On January 15, 2025, the Court entered a clerk's entry of default against Defendants. Dkt. No. 15. The next day, Defendants appeared through counsel. Dkt. No. 16. On January 17, 2025, Plaintiff moved for default judgment. Dkt. No. 17. Defendants oppose the motion and seek to aside the entry of default. Dkt. No. 20. Plaintiff replied. Dkt. No. 24. Neither party requested oral argument. The matter is ripe for the Court's decision. The Court will first determine whether the default should be set aside and, if not, will then determine whether the motion for default judgment should be granted.

## II.  ANALYSIS

### A.  Jurisdiction

The Court has subject matter jurisdiction over this matter under the Jones Act (46 U.S.C. § 688), federal question jurisdiction based on maritime law (28 U.S.C. §§ 1331, 1333), and diversity jurisdiction (28 U.S.C. § 1332) and supplemental jurisdiction (28 U.S.C. § 1367). Dkt. No. 6 ¶ 1.

**B.      The Court Sets Aside the Entry of Default.**

     1.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 55(c) states that "the court may set aside an entry of default for good cause[.]" "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

     2.  <u>Entry of Default Is Set Aside.</u>

All three factors support setting aside default.

With respect to the first factor, the Court will consider a party's conduct culpable if it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092. "'[I]ntentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather…the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id*. Defendants argue the delay in appearing was due to their belief that service was improper. Dkt. No. 20 at 10–12. The record contains conflicting evidence on whether Defendants were properly served. *Compare* Dkt. Nos. 11, 12-2, *with* Dkt. Nos. 21, 22. Even if service was proper, Defendants believed that service was improper. And upon entry of default, defense counsel immediately contacted plaintiff's counsel (Dkt. No. 23-1 at 4) and appeared (Dkt. No. 16). Defendants' failure to respond to the complaint

now that they have appeared is not explained.[2]  But even with Defendants' unexplained failure to answer or respond, Defendants' actions are "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).  There is no evidence Defendants engaged in culpable conduct such that default should not be set aside.

The second factor—a meritorious defense—requires Defendants to "present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094 (citing *Knoebber*, 244 F.3d at 700).  This burden "is not extraordinarily heavy" and requires only that the defendant allege sufficient facts that, if true, would constitute a defense. *Id.*  The court does not decide, however, whether the factual allegations are true when it decides the motion to set aside the default. *Id.*  Rather, that question is "the subject of the later litigation." *Id.*  In Defendants' opposition to the motion for default, they contest the adequacy of Plaintiff's pleading, the extent and timing of Plaintiff's alleged injuries, and whether Plaintiff ever reported such injuries to Defendants.  Dkt. No. 20 at 10.  While Defendants have not yet answered the Complaint, they have raised the possibility of various defenses.  *See Soaring Helmet Corp. v. Nanal Inc.*, No. C09-789JLR, 2009 WL 10689610, at *1 (W.D. Wash. Nov. 4, 2009) (finding defenses asserted in motion to set aside sufficient to support finding of meritorious defense).  Though Defendants would have been better served submitting evidence in support of these allegations or filing a responsive pleading, in light of the policy in favor of adjudicating cases on their merits, the Court finds that the apparent dispute of facts is sufficient at this stage to support setting aside the default.

---

[2] In her email to Plaintiff's counsel, defense counsel states "We are still conducting our factual investigation, and we therefore anticipate responding to the complaint within three weeks (21 calendar days) after an order setting aside the default." Dkt. No. 23-1 at 3.  Defendants fail to provide any legal authority to support their choice of deadline to respond to the complaint.  *See* Fed. R. Civ. P. 12(a).

ORDER DENYING MOTION FOR DEFAULT AND SETTING ASIDE DEFAULT - 4

The last factor—prejudice to Plaintiff—must be "greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Plaintiff does not identify any such prejudice.

The Court finds there is good cause to set aside the entry of default.

Because the Court sets aside its entry of default under Federal Rule of Civil Procedure 55(a), Plaintiff is not entitled to default judgment under Federal Rule of Civil Procedure 55(b). Local Rules W.D. Wash. LCR 55(b)(1) ("No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered.").

### III.  CONCLUSION

For these reasons, Defendant's motion to set aside default is GRANTED. Dkt. No. 20. Plaintiff's motion for default judgment is DENIED. Dkt. No. 17.

The Clerk is instructed sets aside the entry of default against Defendants. Dkt. No. 15.

Plaintiff shall move to consolidate his two pending cases or to dismiss one of the duplicative cases by March 14, 2025.

Defendants must answer or respond to the complaint (Dkt. No. 6) by March 7, 2025.

The Court will issue other initial case deadlines shortly.

Dated this 24th day of February, 2025.

Kymberly K. Evanson
United States District Judge