UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD SHAISHNIKOFF,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>M/V NAMAKA, O.N. 510289, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. C24-1586-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONSOLIDATE |

This matter comes before the Court on Plaintiff's motion to consolidate this matter with an earlier-filed case currently pending in this Court under case number C24-988-KKE. Dkt. No. 27. The Court finds Plaintiff's unopposed motion should be granted such that only one of the pending actions proceeds, but for the reasons explained below, denies Plaintiff's request to consolidate the cases under the earlier-filed case number.

This case arises from an October 2022 injury to Plaintiff that allegedly occurred while working on a ship owned and operated by Defendants. On July 7, 2024, Plaintiff filed a complaint against M/V Namaka, Kevala Jokiel, Tomo Kovacevic, and Tours Around Paradise LLC for breach of contract and wrongful refusal to pay wages when due; maritime lien foreclosure; Jones Act negligence; unseaworthiness; failure to pay maintenance, cure, and unearned wages ("July Action"). *See* Complaint, *Shaishnikoff v. M/V Namaka*, No. 2:24-cv-00988-KKE (W.D. Wash. July 7, 2024), Dkt. No. 1.

On October 1, 2024, Plaintiff filed the same complaint in a new action in this Court ("October Action"). Dkt. No. 1. On December 6, 2024, Plaintiff amended the complaint in the October Action to add Nui Tours LLC as a Defendant. Dkt. No. 6. The October Action continued to move forward with Plaintiff moving for default against Defendants in January 2025. Dkt. Nos. 9–12, 17.

On January 28, 2025, Magistrate Judge Theresa Fricke entered an order to show cause under Federal Rule of Civil Procedure 4(m) in the July Action. Order to Show Cause, *Shaishnikoff v. M/V Namaka*, No. 2:24-cv-00988-KKE (W.D. Wash. July 7, 2024), Dkt. No. 8. On February 10, 2025, Plaintiff responded to Judge Fricke's order explaining he had trouble serving the Defendants so refiled the action "to 're-set the clock' as regards service and to achieve if possible continuity as regards the original filing date." *Id.*, Dkt. No. 9 at 3. Plaintiff then requested "that this Court not dismiss this action, even without prejudice, so that Plaintiff may filed a motion to consolidate this action with the now pending cause number 2:24-cv-01586 KKE." *Id.* at 5.

On February 24, 2025, in the October Action, the Court entered an order denying Plaintiff's motion for default judgment and setting aside the prior entry of default against Defendants because they had now appeared. Dkt. No. 25. The Court also ordered Plaintiff to "move to consolidate his two pending cases or to dismiss one of the duplicative cases[.]" *Id.* at 5. As ordered, Plaintiff filed this motion to consolidate but requested the cases be consolidated under the July Action. Dkt. No. 27 at 3. Defendants have not opposed this motion but Defendants' motion to dismiss this case (in the October Action) is pending. Dkt. No. 28.

"[P]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Burton-Curl v. S. Seattle Dist. Coll.*, No. 2:23-CV-01242-LK, 2023 WL 5509074, at *2 (W.D. Wash. Aug. 25, 2023) (cleaned up). District courts retain broad discretion to control their dockets, including the authority to "dismiss a duplicative later-filed action, to stay that action pending resolution of the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONSOLIDATE - 2

previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions" after "weighing the equities of the case[.]" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *see also* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (a court may consolidate cases *sua sponte*). A court considering whether consolidation is appropriate will also weigh the interests of judicial economy against any delay or prejudice that might result from consolidation. *See Butler v. Raugh*, No. C19-964-RSM, No. C19-965-RSM, 2019 WL 3716447, at *2 (W.D. Wash. Aug. 7, 2019) (granting consolidation where there were "common questions of law and fact as each of the lawsuits involve the same operative facts, the same legal theories, and similar relationships between the parties").

The Court finds consolidation appropriate because the cases "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). However, Plaintiff's request to have the case move forward under the July Action number is denied. The July Action was never served, does not include Nui Tours LLC, and Defendants have not appeared. Beyond Plaintiff's argument that Defendants were dodging service, he does not explain how moving forward under the July Action is efficient or appropriate. Dkt. No. 27 at 2–3. Accordingly, the Court exercises its discretion to consolidate these two cases, with the October Action being the lead case. The Clerk shall administratively close case No. 2:24-cv-00988-KKE.

Dated this 18th day of March, 2025.

Kymberly K. Evanson
United States District Judge