UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD SHAISHNIKOFF,<br><br>        Plaintiff,<br><br>   v.<br><br>M/V NAMAKA, O.N. 510289, et al.,<br><br>        Defendants. | CASE NO. C24-1586-KKE<br><br>ORDER TERMINATING DISCOVERY MOTION |

On May 5, 2025, Plaintiff filed a motion to compel responses to his requests for production. Dkt. No. 35. As acknowledged in Plaintiff's motion, the Court uses a streamlined procedure for discovery disputes where "prior to the filing of any discovery motions" the parties shall request a conference with the Court and submit a "joint statement to the Court briefly identifying the issue(s) in dispute." Dkt. No. 32 at 3. As Plaintiff correctly surmised, a motion to compel discovery responses is the type of motion subject to the Court's joint statement procedure. Nonetheless, according to Plaintiff's declaration, Defendants have refused to participate in the Court's joint discovery dispute process. Dkt. No. 36 ¶ 5.

As a result of their refusal, the Court has no choice but to accept Plaintiff's version of events. According to Plaintiff, Defendants have unilaterally refused to respond to discovery requests without seeking a protective order or moving to stay discovery while their motion to dismiss is pending. Dkt. No. 35 at 3–4. Again, without knowing Defendants' position, because

ORDER TERMINATING DISCOVERY MOTION - 1

they have not provided it, the Court agrees with Plaintiff that such refusals are unjustified and without basis in the federal rules. *See Dorian v. Amazon Web Servs., Inc.,* No. 2:22-CV-00269, 2022 WL 3155369, at *1 (W.D. Wash. Aug. 8, 2022) ("A pending motion to dismiss is generally not grounds for staying discovery." (cleaned up)); *Nelson v. Cap. One Bank*, 206 F.R.D. 499, 500 (N.D. Cal. 2001) ("The party responding to written discovery may either object properly or seek a protective order." (cleaned up)).

As made clear by the Court's instructions in the case scheduling order, the Court's discovery dispute procedure is not optional. The purpose of this procedure is to save party and Court resources by streamlining discovery disputes, providing expedited access to the Court for a hearing, and avoiding protracted briefing when possible. A party's refusal to participate in this process undermines these important goals. Refusal to comply with Court orders may also result in sanctions.

The Court will give Defendants a second and final opportunity to comply with this Court's procedures. The parties are therefore ORDERED to meet and confer in good faith regarding the issues outlined in Plaintiff's motion to compel. To the extent a discovery dispute remains after that process, the parties are ORDERED to file a joint statement of discovery dispute no later than May 16, 2025. The Court will then schedule a discovery conference.

In the interim, the Court will terminate Plaintiff's pending motion to compel (Dkt No. 35), subject to reactivation if this dispute is not resolved through the Court's process.

Dated this 9th day of May, 2025.

Kymberly K. Evanson
United States District Judge