UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD SHAISHNIKOFF,

Plaintiff,

v.

M/V NAMAKA, O.N. 510289, et al.,

Defendants.

CASE NO. C24-1586-KKE

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff Edward Shaishnikoff sues four defendants for claims arising from an injury sustained while working as Master aboard the M/V NAMAKA. Defendants move to dismiss the complaint for various failures to plead sufficient facts, including Plaintiff's reference to all Defendants generally throughout the complaint, and asks the Court to deny leave to amend. Dkt. No. 28. The Court finds Plaintiff's group pleading is insufficient under Federal Rule of Civil Procedure 8 to state each claim, grants Defendants' motion on this point and dismisses the complaint. The Court briefly addresses Defendants' remaining arguments for dismissal and finds that any deficiencies can be cured by amendment, thus the Court denies Defendants' request to deny leave to amend.

///

///

///

## I. BACKGROUND[1]

In November 2021, during the Seattle Pacific Marine Expo, Plaintiff was hired by Defendants as Master of the M/V NAMAKA, a passenger vessel owed by Defendants Kevala Jokiel and Tomo Kovacevic. Dkt. No. 6 ¶¶ 3, 5, 6. The parties entered an oral agreement for Plaintiff to serve as the vessel Master until the vessel arrived in Honolulu for $400.00 per day plus "any lodging ashore should that become necessary." *Id.* ¶ 6. Defendants failed to pay Plaintiff's wages and owe, at least, $27,600 in unpaid wages. *Id.* ¶ 9. Defendants also owe Plaintiff $4,128.80 for payments he made "on their behalf and for the benefit of the vessel" for crew wages and additional expenses and at least $1,800 for costs Plaintiff incurred for lodging "while the vessel was in port and undergoing repairs or upgrades." *Id.* ¶¶ 10–11.

On October 10, 2022, Plaintiff was injured when a crew member "was using a defective hand-held grinder" and "a piece of the grinding wheel on the hand-held grinder broke off [and] flew across the vessel's deck[.]" Dkt. No. 6 ¶ 7. The piece of grinding wheel "pierced into Plaintiff's eye[.]" *Id.* Plaintiff underwent surgery and incurred medical costs of "no less than $2,196.94" and a Medicare lien of over $5,000. *Id.* ¶¶ 7–8.

On October 1, 2024, Plaintiff filed this case[2] alleging five causes of action: (1) breach of contract and refusal to pay wages when due under Washington Revised Code §§ 49.52.050, .070; (2) maritime lien foreclosure under 46 U.S.C. § 31342; (3) Jones Act negligence; (4) unseaworthiness; and (5) willful and wanton failure to pay maintenance, cure, and unearned wages. Dkt. No. 1. On December 6, 2024, Plaintiff added Defendant Nui Tours LLC as a defendant, and realleged the same five causes of action. Dkt. No. 6 ¶¶ 4, 12–16.

---

[1] This section assumes, for the purposes of resolving the motion to dismiss, that the factual allegations in the complaint are true. *Edmonson v. City of Martinez*, 17 F. App'x 678, 679 (9th Cir. 2001).

[2] Plaintiff previously filed a substantively identical case on July 7, 2024. *See Shaishnikoff v. M/V Namaka*, No. 2:24-cv-00988-KKE (W.D. Wash. July 7, 2024), Dkt. No. 1. The Court consolidated these actions. *See* Dkt. No. 29.

## II. ANALYSIS

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1333 (admiralty and maritime jurisdiction) and under 28 U.S.C. § 1332 (diversity jurisdiction). Dkt. No. 6 ¶¶ 2 (Plaintiff is a Washington resident), 3 (Defendants are Hawaii residents), 15 (alleging at least $2,000,000.00 in damages). The remaining state law cause of action for breach of contract is properly joined under 28 U.S.C. §1367 (supplemental jurisdiction).

### A.    Legal Standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, assuming the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B.    Plaintiff's Group Pleading Must Be Amended, but Multiple Employers Can Be Pleaded for Maritime Actions.

Defendants argue that each of Plaintiff's claims must be dismissed for failing to specifically identify which Defendant is the subject of each cause of action and responsible for each action. *See generally* Dkt. No. 28. The Court agrees that this pleading tactic fails to meet the requirement that a complaint "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Courts often find such "group pleading" impermissible. *See MFG Universe Corp. v. Next Gen LED, Inc.*, No. C21-0742-JCC, 2022 WL 3028081, at *2 (W.D. Wash. Aug. 1, 2022) ("[T]he SAC treats the Individual Defendants as an undifferentiated mass. It does not make sufficient particularized allegations for each to satisfy pleading standards

for the remaining causes of action. This alone is a basis for dismissal." (cleaned up)); *see also Mazal Grp. LLC v. Yosef,* No. 2:23-CV-03278-FWS-AGR, 2024 WL 3469035, at *4 n.3 (C.D. Cal. July 12, 2024) (collecting cases). Especially here, where Plaintiff is unlikely to be suing the vessel for breach of contract, further clarity on which defendant is subject to which claim, and which defendant took each alleged action is necessary.[3]

Defendants also argue that Plaintiff's group pleading substantively dooms his maritime claims because he must establish seaman status for each claim which requires identifying a single employer. Dkt. No. 28 at 6 (Jones Act negligence), 7 (unseaworthiness), 8 (maintenance, cure, and unpaid wages); Dkt. No. 33 at 3 (arguing there can only be one employer under the Jones Act). While Defendants are correct that only one employer can be held liable under the Jones Act, Plaintiff can assert the claim against multiple defendants at the pleading stage because whether an employer/employee relationship exists is typically a fact issue reserved for the jury. *See Hill v. Majestic Blue Fisheries, LLC*, No. 11-00034, 2013 WL 1499155, at *5 (D. Guam Apr. 12, 2013) ("Thus, at this stage of the proceeding, the Jones Act claims against Defendant Dongwon should not be dismissed merely because Plaintiff asserts that both Dongwon and Majestic were Decedent's employers."); *Wolsiffer v. Atlantis Submarines, Inc.*, 848 F. Supp. 1489, 1495 (D. Haw. 1994) ("Although a seaman may have more than one Jones Act employer for purposes of filing suit, only one employer will be liable on recovery."). The employer requirement for the unseaworthiness and maintenance and cure claims are the same as under the Jones Act. *See Holm v. Meyers*, 609 F. Supp. 3d 1173, 1180 (W.D. Wash. 2022) (same requirements for seaman status under the Jones Act and unseaworthiness and maintenance and cure claims). Upon amendment,

[3] While not raised by either party, the complaint's prayer for relief section provides some clarity on which defendant is the focus of each claim. Dkt. No. 6 at 10. But this section does not clarify which defendant is the relevant actor for any particular factual allegation, which must be cured on amendment.

Plaintiff can allege these maritime causes of action against multiple defendants, but those defendants must be named specifically.

Lastly, Defendants argue that Plaintiff fails to allege facts that could establish liability for the individual defendants or Nui Tours. Dkt. No. 28 at 9. Plaintiff responds

> Defendants Jokiel and Kovacevic conduct their joint business involving the NAMAKA, the *in rem* defendant Vessel, both in their own names and in the names of two business entities that they own, Nui Tours LLC and Tours Around Paradise LLC, for the purpose of deceiving members of the public, vendors, suppliers and employees[.]

Dkt. No. 30 at 10. But Plaintiff does not explain whether he intends to pierce the corporate veil of the entities to reach the individual defendants or whether he alleges the individuals were directly liable. Because Plaintiff's theory for each defendant's liability is unclear and the Court has already ordered Plaintiff to amend the complaint to cure this deficiency, the Court need not further analyze Defendants' arguments on this point. However, Plaintiff is reminded that any amended pleading must make each defendant's alleged liability and actions clear and, to the extent any allegations of veil piercing are necessary, sufficient facts must be pleaded to support that theory.

Accordingly, the Court grants Defendants' motion in part, dismissing the complaint. However, the Court denies Defendants' request to deny leave to amend (Dkt. No. 33 at 11–12) because "a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014) (citing *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)). Plaintiff's failure to allege Defendants' liability specifically can be cured on amendment, and as briefly addressed below, Defendants' only other successful argument for dismissal is also curable on amendment.

**C. Defendants' Remaining Arguments for Dismissal Fail, except Their Argument Regarding Notice under the Jones Act.**[4]

1. Breach of contract

"To state a claim for breach of contract under maritime law, the plaintiff must plausibly allege '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Ocean Beauty Seafoods LLC v. CAPTAIN ALASKA*, 603 F. Supp. 3d 1005, 1009 (W.D. Wash. 2022) (quoting *W. Towboat Co. v. Vigor Marine, LLC*, 544 F. Supp. 3d 1100, 1116 (W.D. Wash. 2021)). Defendants argue Plaintiff's breach of contract claim must be dismissed because it does not allege a meeting of the minds regarding the terms of the contract. Dkt. No. 28 at 4. But Plaintiff alleges that in November 2021 the parties agreed to the "rate of $400.00 per day, plus any lodging ashore should that become necessary." Dkt. No. 6 ¶¶ 6, 9, 16. Plaintiff also alleges that prior to his injury, "Defendants had requested that Plaintiff advance on their behalf and for the benefit of the vessel certain wages … and certain additional expenses of the vessel by way of necessaries[.]" *Id.* ¶ 10. While it would behoove Plaintiff to describe these alleged agreements in more detail, the terms of the alleged contracts are not inconsistent such that Plaintiff "failed to allege that there was a contract." Dkt. No. 28 at 4.

2. Jones Act negligence

The Jones Act permits a "seaman injured in the course of employment" to recover damages against her employer. 46 U.S.C. § 30104. "The elements of a Jones Act negligence claim are: duty, breach, notice and causation." *Ribitzki v. Canmar Reading & Bates, Ltd. P'ship*, 111 F.3d

[4] The Court does not separately address Defendants' arguments for dismissing the maritime lien claim (Dkt. No. 28 at 5, Dkt. No. 33 at 10) because the Court has already ruled Plaintiff must identify the defendant(s) for each allegation, which will address Defendants' argument that "Plaintiff does not identify an authorized individual that requested he provide necessaries[.]" Dkt. No. 33 at 10. Further, Defendants' argument regarding a secured loan is irrelevant since Plaintiff does not allege any action arising from a secured loan.

658, 662 (9th Cir. 1997) (subsequent history omitted). "The 'quantum of evidence necessary to support a finding of Jones Act negligence is less than that required for common law negligence, … and even the slightest negligence is sufficient to sustain a finding of liability.'" *Id.* In addition to their argument that Plaintiff can only allege one employer, which the Court rejected above, Defendants argue Plaintiff's Jones Act negligence claim fails for two other reasons, only one of which succeeds.

First, Defendants argue "Plaintiff alleges no unsafe conditions or facts to explain how Defendants were at fault." Dkt. No. 28 at 6; *see also* Dkt. No. 33 at 5–6. The Court disagrees. Plaintiff alleges that Defendants caused his injury through "their failure to provide adequate training to their crew, their failure to provide safe appliances and equipment for use on the defendant vessel, their failure to provide oversight and to establish safety protocols, methods and systems for work aboard the vessel, etc." Dkt. No. 6 ¶ 14. More specificity is not necessary at this stage. *See Twombly*, 550 U.S. at 570.

Second, Defendants argue that Plaintiff does not allege "Defendants knew or should have known of the allegedly unsafe conditions." Dkt. No. 33 at 5. Plaintiff responds that "a reasonable inspection [by] the employer could have discovered the unsafe condition" and that any knowledge of the crew member who was operating the angle grinder would be imputed to Defendants. Dkt. No. 30 at 5–6. While the complaint refers to the angle grinder as "defective" (Dkt. No. 6 ¶ 7), there are no allegations that anyone, whether Defendants directly or another crew member, knew or should have known about this issue. These missing allegations can be cured on amendment.

3. <u>Unseaworthiness</u>

"A shipowner has an absolute duty to furnish a seaworthy ship." *Ribitzki*, 111 F.3d at 664. Plaintiff must sufficiently allege four elements to support a claim for unseaworthiness: "(1) the warranty of seaworthiness extended to him and his duties; (2) his injury was caused by a piece of

the ship's equipment or an appurtenant appliance; (3) the equipment used was not reasonably fit for its intended use; and (4) the unseaworthy condition proximately caused his injuries." *Id.* Defendants argue Plaintiff fails to allege the first and third elements.

Defendants argue that Plaintiff fails to allege facts to support that the vessel was unseaworthy. Dkt. No. 28 at 7.[5] But Defendants acknowledge that Plaintiff alleges the "crew was not adequately trained, the Vessel lacked safe appliances and equipment, the Vessel owners did not oversee work aboard the Vessel, and the Vessel lacked any safety protocols, methods, or systems for work aboard the Vessel." *Id.* (citing Dkt. No. 6 ¶ 15). While Defendants argue these are mere "conclusory statements" (*id.*), these are factual allegations and not mere legal conclusions that are insufficient on a motion to dismiss.

4. Maintenance, cure, and unearned wages

When a seaman falls ill or becomes injured "while in the service of a ship[,]" he entitled to "maintenance and cure" by his employer. *Lipscomb v. Foss Mar. Co.*, 83 F.3d 1106, 1109 (9th Cir. 1996). The remedies of maintenance, cure, and unpaid wages are "not predicated on the fault or negligence of the employer." *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1186 (W.D. Wash. 2022) (citing *Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 730 (1943)). Plaintiff must allege four elements: "'(1) they were employed as seaman; (2) their injuries or illnesses occurred, manifested, or were aggravated while in the ship's service; (3) the wages to which they are entitled; and (4) expenditures for medicines, medical treatment, board, and lodging.'" *Id.* (quoting *Dean v. Fishing Co. of Alaska*, 300 P.3d 815, 821 (Wash. 2013)). The Court has already considered and rejected Defendants' argument that Plaintiff failed to establish "the individual or entity with which

[5] In reply, Defendants argue that Plaintiff "has not alleged that any of the entities or individuals he named are the title owner of the Vessel[.]" Dkt. No. 33 at 7. The Court will not consider arguments raised for the first time in reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Moreover, Plaintiff alleges "Defendant vessel M/V NAMAKA is a passenger vessel that was one of the Argosy Cruises vessels in Seattle prior to being purchased by Defendants Jokiel and Kovacevic[.]" Dkt. No. 6 ¶ 5.

he contracted" and that Plaintiff alleges inconsistent contract terms. Dkt. No. 28 at 8. Defendants' remaining argument is that "Plaintiff fails to allege facts related to his expenditures for medicines, medical treatment, board and lodging." *Id*. But Plaintiff explicitly alleges each of these categories. Dkt. No. 6 ¶¶ 8 (estimate of medical costs), 16 (cost of daily living expenses).[6] As such, assuming Plaintiff adequately identifies the proper Defendant(s) he claims are liable for this claim, Plaintiff otherwise sufficiently alleges a claim for maintenance and cure.

## III. CONCLUSION

Defendants' motion is granted to the extent Plaintiff fails to properly identify the specific defendants that are the subject of each of Plaintiffs' claims. Plaintiff likewise fails to allege any defendant knew or should have known about the allegedly unsafe conditions at issue in his Jones Act negligence claim. Because these deficiencies can be cured on amendment, the Court denies Defendants' request to deny leave to amend.

For these reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. Dkt. No. 28. The complaint is dismissed with leave to amend. Plaintiff may amend his complaint by June 27, 2025.

Dated this 6th day of June, 2025.

Kymberly K. Evanson
United States District Judge

[6] In reply, Defendants argue Plaintiff has failed to allege facts to support his claim for punitive damages, which requires allegations that Defendants "callously refused" or "willfully refused" to pay these remedies. *See* Dkt. No. 33 at 8. Again, the Court does not consider arguments raised for the first time in reply. *Zamani*, 491 F.3d at 997.