UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD SHAISHNIKOFF,<br><br>          Plaintiff(s),<br>     v.<br><br>M/V NAMAKA, O.N. 510289, et al.,<br><br>          Defendant(s). | CASE NO. C24-1586-KKE<br><br>ORDER ON DISCOVERY DISPUTE AND GRANTING EXTENSION OF DISCOVERY MOTION DEADLINES |

This matter comes before the Court on Plaintiff's motion to extend the deadline to file discovery motions (Dkt. No. 46) and the parties' second joint statement of discovery dispute (Dkt. No. 48). The Court held a hearing and, consistent with its oral ruling, hereby ORDERS:

1. Plaintiff's motion to extend the deadline for discovery motions is GRANTED. Dkt. No. 46. The deadline to file discovery motions is now August 15, 2025.

2. Defendants shall supplement their production to Plaintiff's first set of discovery requests in compliance with the Federal Rules of Civil Procedure by no later than August 1, 2025. To the extent Defendants do not possess the specific documents identified in Plaintiff's June 19, 2025 email (Dkt. No. 47-1), Defendants must provide an explanation for their absence in a sworn declaration.

ORDER ON DISCOVERY DISPUTE AND GRANTING EXTENSION OF DISCOVERY MOTION DEADLINES - 1

3. Defendants shall further provide a sworn declaration detailing their document search processes, including the locations they searched for documents, the search terms employed, the number of responsive documents, and the number of produced documents.

4. Defendants are reminded that Plaintiff's discovery requests encompass electronic documents, including communications such as emails, text messages, and voice mail messages. Plaintiff's requests further encompass documents provided to third parties, and all responsive materials in any defendant's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

As the Court found on the record, Plaintiff has acted diligently in pursuing discovery. Plaintiff has identified with specificity the documents he believes are missing from Defendants' productions and has taken reasonable measures to assist Defendants in identifying the outstanding records. *See e.g.*, Dkt. No. 47-1. Plaintiff's requests, as described in Dkt. No. 47-1, are not overly broad or burdensome and Defendants' objections on said grounds are hereby overruled.

As further stated on the record, the Court is concerned by Defendants' ongoing failure to provide basic responses to Plaintiff's discovery requests. The Court does not find Defendants' arguments regarding the thoroughness of their searches credible. The Court expects Defendants and their counsel to comply with their discovery obligations under the Federal Rules of Civil Procedure. Continued failures to abide by the Federal Rules may result in monetary and/or evidentiary sanctions. *See* Fed. R. Civ. P. 37.

Dated this 24th day of July, 2025.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge