UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD SHAISHNIKOFF,<br><br>      Plaintiff(s),<br> v.<br><br>M/V NAMAKA, O.N. 510289, et al.,<br><br>      Defendant(s). | CASE NO. C24-1586-KKE<br><br>ORDER ON MOTION FOR AN EXTENSION OF TIME, REFERRING CASE FOR MEDIATION, AND TO SHOW CAUSE WHY DEFENSE COUNSEL SHOULD NOT BE REQUIRED TO PAY ATTORNEY'S FEES |

On November 11, 2025, defense counsel filed a motion for an extension of time to respond to Plaintiff's motion for order to show cause (Dkt. No. 58) and motion for partial summary judgment (Dkt. No. 60). Dkt. No. 62. By that time, the responses were already over a month late. *See* Local Rules W.D. Wash. LCR 7(d). Defense counsel states that the reason for missing the deadlines is that Defendants' other attorney of record, a former associate at defense counsel's firm, "terminated her employment" and, as a result, defense counsel has had to "devote[] substantial time to inventorying [his former-associate's] pending caseload, while simultaneously managing his own full docket[.]"[1] Dkt. No. 62 at 2. During a conference on December 4, 2025, defense counsel stated that he learned of his associate's departure on October 1, 2025. However, he did not contact Plaintiff's counsel to request a meet-and-confer regarding an extension of the

---

[1] The Court notes that no notice of withdrawal has been filed on Ms. Lauren Mauer's behalf, even though the Court raised this issue with defense counsel at the conference on December 4, 2025.

ORDER ON MOTION FOR AN EXTENSION OF TIME, REFERRING CASE FOR MEDIATION, AND TO SHOW CAUSE WHY DEFENSE COUNSEL SHOULD NOT BE REQUIRED TO PAY ATTORNEY'S FEES - 1

deadlines, as required by Local Civil Rule 7(j), until October 24, 2025—weeks after both deadlines had passed.[2]  Dkt. No. 63 at 2.  He did not move to extend the deadlines for two additional weeks.

The Court cannot find, on this record, that defense counsel's failure to meet the response deadlines or to timely request a meet-and-confer was due to "excusable neglect."  *See* Fed. R. Civ. P. 6(b)(1)(B).  Defense counsel has been attorney of record since this case began, has attached his name to filings on Defendants' behalf, and conceded during the December 4 conference that he has participated in discovery and depositions.  An associate's departure is simply no excuse for neglecting deadlines or failing to abide the minimal requirement of seeking an extension *before* the deadlines have passed.

Despite the lack of excusable neglect, the Court will permit defense counsel to file the proposed responses on the principle that "[c]ases should be decided upon their merits whenever reasonably possible" and because Plaintiff's motions seek dispositive relief with respect to certain issues in this case.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  The failure to abide the briefing deadlines, however, has unreasonably prejudiced Plaintiff by obligating Plaintiff's counsel to expend resources responding to the motion to extend deadlines and delaying resolution of Plaintiff's underlying motions.  The Court will therefore order defense counsel to show cause why he should not be required to pay Plaintiff's attorneys fees occasioned by the unexcused delay.  The Court will also permit Plaintiff to elect any date he chooses, no later than February 2, 2026, to file a reply in support of his motions.

Plaintiffs' motion for an order to show cause also alleges various failures by Defendants to produce witnesses prepared to testify for the corporate Defendants under Federal Rule of Civil

---

[2] Defense counsel's motion states that "[o]n October 2, 2025," he "notified opposing counsel" of his associate's departure and suggests that he "attempted to meet and confer with" Plaintiff's counsel.  Dkt. No. 62 at 2.  Emails filed with Plaintiff's response, however, show that defense counsel's October 2 email was merely a reply to Plaintiff's supplemental discovery responses that stated, "[j]ust to let you know, Lauren [the former associate] is no longer with IMG.  Please direct all the correspondence directly to me."  Dkt. No. 64-2 at 1.

ORDER ON MOTION FOR AN EXTENSION OF TIME, REFERRING CASE FOR MEDIATION, AND TO
SHOW CAUSE WHY DEFENSE COUNSEL SHOULD NOT BE REQUIRED TO PAY ATTORNEY'S FEES - 2

Procedure 30(b)(6) or to comply with this Court's orders to produce documents responsive to Plaintiff's discovery requests.[3] Dkt. No. 58. At the December 4 conference, Plaintiff stated that granting its motion for summary judgment, which seeks dismissal of Defendants' affirmative defenses, would moot its motion for an order to show cause. However, the order to show cause motion requests evidentiary sanctions "leaving for trial only the issue of damages." Dkt. No. 58 at 8. Without resolving the merits of either motion, the Court observes that granting summary judgment as to Defendants' affirmative defenses would not relieve Plaintiff of his burden to affirmatively prove his claims at trial.

In light of these issues, the parties are ORDERED to file a joint status report by December 19, 2025, addressing (1) the status of the outstanding discovery, including what, if any, records have not yet been produced; (2) the parties' positions on whether discovery should be reopened in light of Defendants' alleged failure to produce records and prepared 30(b)(6) witnesses; (3) the date by which Plaintiff elects to file his replies in support of his motions for an order to show cause (Dkt. No. 58) and for summary judgment (Dkt. No. 60); and (4) whether the March 9, 2026 trial date needs to be continued. Plaintiff may, if he chooses, move for a cost-shifting sanction related to the expenses of additional discovery occasioned by Defendants' alleged failure to participate in discovery.

The Court further ORDERS defense counsel to show cause by December 19, 2025 why he should not be required, pursuant to either 28 U.S.C. § 1927 or the Court's inherent authority, to pay Plaintiff's attorneys fees occasioned by the unexcused failure to meet his briefing deadlines.

Defendants' motion for an extension of time (Dkt. No. 62) is GRANTED.

---

[3] At the conference on December 4, 2025, defense counsel stated that Defendants' 30(b)(6) witnesses had been prepared but, in his view, could not have been adequately prepared.

Finally, consistent with the parties' request at the December 4 conference, this case is referred to Magistrate Judge Brian Tsuchida for a settlement conference. The parties shall contact Judge Tsuchida's Courtroom Deputy at andy_quach@wawd.uscourts.gov for scheduling.

Dated this 12th day of December, 2025.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge